UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Bky. No. 25-60780-WJF
Chapter 12

In re:

Casey P. Restad,

Debtor.

---

**OBJECTION OF FBN FINANCE, LLC C/O, COMPEER FINANCIAL, PCA AND COMPEER FINANCIAL, FLCA, AS ATTORNEY-IN-FACT AND SERVICING AGENT FOR FBN FINANCE, LLC, TO MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL**

---

FBN Finance, LLC c/o Compeer Financial, PCA and Compeer Financial, FLCA, as attorney-in-fact and servicing agent for FBN Finance, LLC ("**FBN**"), by and through its undersigned attorneys, hereby objects to the Debtor's Motion for an Order Authorizing the Debtor to Use Cash Collateral [Doc. No. 37] (the "**Motion**") and respectfully states as follows:

1. Debtor is, on information and belief, an individual engaged in the business of crop farming.

2. FBN is a secured creditor of Debtor and holds a valid, validly perfected, security interest in, among other things, all of Debtor's crops and the products and proceeds thereof. As of the date of Debtor's bankruptcy filing (i.e., December 19, 2025), the indebtedness due and owing to FBN was $1,198,104.44, exclusive of accruing and unpaid interest incurred after December 19, 2025, and further exclusive of attorneys' fees, costs, and expenses incurred after December 19, 2025. *See* FBN's Proof of Claim [Claim No. 10].

3. Debtor seeks to use cash collateral for his 2026 farm operating expenses. Motion at p. 3, ¶ 1. Specifically, "Debtor wishes to utilize 2025 corn in the amount of 37,350.26 bushels worth $138,945.00 and government program payments as cash collateral." *Id.* at p. 2, ¶ 5. FBN

has a first-priority security interest in, among other things, Debtor's 2025 corn and the proceeds thereof. FBN's Proof of Claim [Claim No. 10].

4. In conjunction with Debtor's use of cash collateral, Debtor offers to grant FBN (a) "a post-petition lien in his 2026 crop and government payments in the same amount and value as the cash collateral utilized" and (b) "a Real Estate Mortgage on Parcel D," which parcel is more fully described in the Motion ("**Parcel D**"). Motion at p. 3, ¶ 2.

***<u>Debtor's 2026 Crop</u>***

5. Debtor's projected costs for his 2026 farm operating expenses total $294,226.60, which is well in excess of the available cash collateral. *See* Motion at pp. 2-3, ¶ 6.

6. Although Debtor references the potential for approval of an operating loan within the Motion, no motion to incur secured indebtedness has been filed. *See* Motion at p. 3, ¶ 7.

7. Upon information and belief, Debtor has not secured financing for his 2026 farm operating expenses.

8. Without financing, and even if Debtor would be allowed to utilize the $138,945.00 of cash collateral as requested in the Motion, it does not appear Debtor would have sufficient monies to pay all 2026 farm operating expenses. Specifically, Debtor would still require funds in the amount of $155,281.60 ($294,226.60 - $138,945.00).

9. Without having sufficient monies to cover all 2026 farm operating expenses, Debtor will be unable to provide FBN adequate protection for the use of cash collateral through a post-petition lien in his 2026 crop.

***<u>Parcel D</u>***

10. Debtor's interest in Parcel D is that of a vendee under a contract for deed between Debtor and William D. Januszewski, dated December 27, 2012, filed for record in the Otter Tail

County Recorder's Office on December 27, 2012, as Document No. 1121011, and in the original principal amount of $542,050.00 (the "**Contract for Deed**"). *See* Contract for Deed, a true and correct copy of which is attached hereto as Exhibit 1.

11. On information and belief, Debtor still owes $62,609.12 under the Contract for Deed. Said amount is equal to the payments due December 27, 2026, and December 27, 2027, under the terms of the Contract for Deed. *Id.*

12. During FBN's Rule 2004 examination of Debtor taken March 13, 2026, Debtor indicated that he intends to make all payments still owed under the Contract for Deed, but Debtor also indicated that he does not know how such payments will be made. Casey Restad Rule 2004 Examination Tr. at 72:8-19, a true and correct copy of which is attached hereto as Exhibit 2.

13. If Debtor grants a mortgage to FBN over Parcel D as indicated in the Motion, the mortgage would be subordinate to the Contract for Deed.

14. If the Contract for Deed is ultimately cancelled due to Debtor's inability and/or failure to complete payments under the Contract for Deed, then Debtor's proposed mortgage in favor of FBN would have no value; as such, Debtor is unable to provide FBN adequate protection for the use of cash collateral through a mortgage on Parcel D.

15. In sum, Debtor's Motion fails to provide FBN with adequate protection for the use of its cash collateral. Specifically:

a. Debtor will be unable to provide FBN adequate protection for the use of cash collateral through a post-petition lien in his 2026 crop because even if Debtor would be allowed to utilize the $138,945.00 of cash collateral as requested in the Motion, Debtor would still require funds in the amount of $155,281.60 in order to fund his 2026 farm operating expenses according to Debtor's own budget.

b. Debtor will be unable to provide FBN adequate protection for the use of cash collateral through a mortgage on Parcel D because Debtor's vendee interest in Parcel D is subject to cancellation if additional payments of $62,609.12, plus interest—which Debtor has not articulated a way to fund—are not made under the Contract for Deed.

c. Debtor's proposed order also does not state that any replacement lien would be properly perfected without further act, filing, or deed by FBN or Debtor.

16. If testimony is necessary as to any facts relevant to the Motion and this Objection; FBN reserves the right to call the following to testify: (1) Debtor; (2) Mr. Chris Hawkins, Principal Credit Officer – Risk of Compeer Financial, PCA and Compeer Financial, FLCA; and (3) any rebuttal witness FBN deems necessary.

17. Based on the foregoing, the Motion should be denied.

Dated 23rd day of March, 2026

/s/ Rick J. Halbur

Rick J. Halbur # 0395396
GISLASON & HUNTER LLP
2700 South Broadway
P. O. Box 458
New Ulm, MN 56073-0458
Phone: 507-354-3111
Fax: 507-354-8447
Email: rhalbur@gislason.com

*Attorneys for FBN*

## VERIFICATION

I, Chris Hawkins, Principal Credit Officer – Risk of Compeer Financial, PCA and Compeer Financial, FLCA, which serve as the attorney-in-fact and servicing agent for FBN Finance, LLC, the movant named in the foregoing Objection to Motion for an Order Authorizing Debtor to Use Cash Collateral, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

Executed on: March 23rd, 2026

Chris Hawkins, Principal Credit Officer – Risk
Compeer Financial, PCA and Compeer Financial, FLCA
7540 Airport View Drive SW
Rochester, MN 55902