UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Bky. No. 25-60780-WJF
Chapter 12

In re:

Casey P. Restad,

Debtor.

---

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTION OF FBN FINANCE, LLC C/O, COMPEER FINANCIAL, PCA AND COMPEER FINANCIAL, FLCA, AS ATTORNEY-IN-FACT AND SERVICING AGENT FOR FBN FINANCE, LLC, TO MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL**

---

FBN,[1] by and through its undersigned attorneys, respectfully submits this Memorandum of Law in support of its Objection to the Motion for an Order Authorizing the Debtor to Use Cash Collateral.

## FACTS

The facts are set forth in FBN's Objection filed herewith.

## ARGUMENT

Debtor has failed to offer adequate protection to FBN as part of his request to use cash collateral. FBN has a security interest in, among other things, the $138,945.00 of crops Debtor proposes to sell and use in order to partially fund his 2026 farm operating expenses. As purported adequate protection, Debtor offers to grant FBN (a) a post-petition lien in his 2026 crop and (b) a real estate mortgage on Parcel D. However, even with the use of FBN's cash collateral, Debtor has insufficient funds to pay the remaining $155,281.60 of 2026 farm operating expenses that Debtor has stated would be needed. Moreover, Debtor's proposed mortgage on Parcel D does not

[1] All capitalized terms used in this Memorandum of Law and not otherwise defined herein have the meanings ascribed to them in FBN's Objection filed herewith.

provide FBN with adequate protection because Debtor's vendee interest in Parcel D may be cancelled if the Contract for Deed payments are not made.[2] Because Debtor has not obtained secured or unsecured monies or credit to enable Debtor to pay all 2026 farm operating expenses or complete payments on the Contract for Deed, it is impossible for Debtor to provide FBN with adequate protection. At the same time, the Debtor's use of FBN's cash collateral will significantly and adversely impact FBN's secured position. Thus, the Court should deny the Motion.

Without the consent of the interested secured creditor, cash collateral may not be used except as authorized by the Court. 11 U.S.C. § 363(c)(2). 11 U.S.C. § 363(e) provides that whenever a debtor in possession proposes to use, sell or lease property of the bankruptcy estate in which the creditor has an interest, the Court shall, at the request of the creditor, "prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of [the creditor's] interest. Adequate protection may be provided by granting replacement liens or "other relief . . . as will result in the realization by such [secured party] of the indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361.

Adequate protection is intended to protect a secured creditor (in this case, FBN) against a decrease in the value of its collateral resulting from the imposition of the automatic stay under section 362(a) of the Bankruptcy Code or the use, sale, or lease of such collateral, including, without limitation, cash collateral. 11 U.S.C. § 361. Further, under sections 503(b) and 507(b) of the Bankruptcy Code, secured lenders are entitled to an administrative claim for any failure of adequate protection, including without limitation, in connection with any adequate protection lien.

---

[2] FBN is not opposed to receiving a mortgage on Parcel D if the Contract for Deed is satisfied, but for purposes of the Motion and this Objection, FBN's position is that the proposed mortgage on Parcel D does not provide adequate protection given the remaining Contract for Deed payments owed by Debtor.

11 U.S.C. §§ 503(b), 507(b). When considering the non-consensual use of cash collateral, the "guiding inquiry is whether [the creditor's] security interests are 'adequately protected' absent the additional protection the cash collateral would provide. . . . In determining whether a creditor's secured interests are so protected, there must be an individual determination of the value of that interest and whether a proposed use of cash collateral threatens that value." *In re George Ruggiere Chrysler-Plymouth,* 727 F.2d 1017, 1019-20 (11th Cir. 1984); *see also In re Martin,* 761 F.2d 472, (8th Cir. 1985).

Section 1205 provides for three alternative means for providing adequate protection in this case.[3] 11 U.S.C. § 1205(b). Section 1 provides for cash payments or periodic cash payments; subsection 2 provides for additional or replacement liens. Subsections 1 and 2 are designed to compensate for any decrease in value of property securing a secured creditor's claim resulting from the use, sale or lease of the debtor's property. Subdivision 4 provides for granting such other relief as will adequately protect the value of the property securing a claim or of such entity's ownership interest in property. 11 U.S.C. § 1205(b)(4).

A review of the legislative history of adequate protection leads to a conclusion that a debtor, in structuring a proposal of adequate protection for a secured creditor, "should as nearly as possible under the circumstances of the case provide the creditor with the value of his bargained for rights." *Martin*, 761 F.2d at 476. In order to encourage reorganization, the courts must be flexible in applying the adequate protection standard. *In re Martin*, 761 F.2d at 476–77. This flexibility, however, must not operate to the detriment of the secured creditor's interest. *Id.*

Further, in evaluating proposed adequate protection offered by the trustee or debtor,

> The bankruptcy court must necessarily (1) establish the value of the secured creditor's interest, (2) identify the risks to the secured creditor's value resulting from the debtor's

[3] Section 1205(b)(3) is not applicable in this case as use of farmland is not at issue.

> request for use of cash collateral, and (3) determine whether the debtor's adequate protection proposal protects value as nearly as possible against risks to that value consistent with the concept of indubitable equivalence.

*Martin*, 761 F.2d at 476–77; *see also In re Polaroid Corp.*, 460 B.R. 740, 743 (B.A.P. 8th Cir. 2011). The party seeking to use cash collateral has the burden of proving the interested secured creditor is adequately protected. 11 U.S.C. § 363(p)(1). "In determining whether a creditor's secured interests are so protected, there must be an individual determination of the value of that interest and whether a proposed use of cash collateral threatens that value." *Ruggiere Chrysler-Plymouth v. Ruggiere,* 727 F.2d 1017, 1019 (11th Cir. 1984).

**A. <u>The Value of the Secured Creditor's Interest.</u>**

Debtor has valued the grain they wish to sell, in which FBN has an interest, at $138,945.00. Motion at p.2, ¶ 5. FBN does not dispute Debtor's valuation for purposes of its Objection.

**B. <u>The Risks to the Secured Creditor's Value</u>.**

"To ask a creditor to release cash requires a strong likelihood of return." *In re Berens*, 41 B.R. 524, 528 (Bankr. D. Minn. 1984). Here, uncertainty abounds as it is at best unclear whether Debtor will be able to return the value of the cash collateral to FBN. Debtor proposes to grant FBN a replacement lien in his 2026 crop and a mortgage on Parcel D. To constitute adequate protection, both proposals essentially require Debtor to secure financing, either (a) to pay for all farm operating expenses identified by Debtor as being necessary to grow the crop in which FBN could have a replacement lien or (b) pay off the Contract for Deed such that a mortgage thereon is not in jeopardy of being lost if the Contract for Deed is cancelled. There is no evidence that Debtor has the necessary funding, is likely to obtain the necessary funding, or is even attempting to obtain the necessary funding. Thus, there is not a strong likelihood of return of FBN's cash collateral.

The uncertainty as to whether Debtor will be able to adequately finance his 2026 farm operating expenses so he can plant and harvest a crop for a replacement lien presents a significant risk to FBN's value. Likewise, the uncertainty as to whether Debtor will be able to complete all payments under the Contract for Deed such that FBN could have a mortgage on Parcel D, free from risk of cancellation of the Contract for Deed, presents a significant risk to FBN's value. *See Gilbert Builders, Inc. v. Cmty. Bank of DePere*, 407 N.W.2d 706, 709 (Minn. Ct. App. 1987) (citations omitted) ("A mortgage lien on a vendee's interest is extinguished with the cancellation of the contract for deed."). The only guaranty if the Motion is granted is that FBN will lose $138,945.00 in value. Whether Debtor can return that value to FBN appears to ultimately depend on the Debtor's ability to obtain additional financing, which he has yet done.

**C. <u>Whether the Debtor's Adequate Protection Proposal Protects the Secured Creditor.</u>**

Finally, the Court must "determine whether the debtor's adequate protection proposal protects value as nearly as possible against risks to that value consistent with the concept of indubitable equivalence" *Martin*, 761 F.2d at 477. The goal of "adequate protection" is "affording the secured creditor the benefit of its bargain" *Id.* at 478 (quoting *In re American Mariner Indus., Inc.*, 734 F.2d 426, 435 (9th Cir. 1984)). "In most cases, a bare replacement lien in non-existent crops will not be enough protection to allow a debtor to proceed on a cash collateral motion." *First Bank of Miller, Miller, S.D. v. Wieseler*, 45 B.R. 871, 876 (D.S.D. 1985); *see also In re Berens*, 41 B.R. at 528 ("[A] lien in a crop to be grown with all of the other risks attendant to that is not sufficient adequate protection except where a significant profit margin is very likely or a minimal guarantee of payment is proffered through crop insurance.")

Here, FBN is not provided adequate protection for the use of its cash collateral. Without financing for his entire 2026 farm operating expenses, Debtor cannot offer FBN adequate

protection through a replacement lien in Debtor's 2026 crops, and without financing to make the final (and currently delinquent) Contract for Deed payments, Debtor cannot afford FBN adequate protection through a mortgage on Parcel D. Instead, Debtor can only offer aspirations of adequate protection, but aspirations do not satisfy the legal standard for adequate protection. Ultimately, Debtor cannot offer FBN adequate protection without additional financing, but Debtor has shown no indication that any such financing is forthcoming. Thus, Debtor's adequate protection proposal does not protect FBN, and without adequate protection for FBN, the Debtor's motion should not be granted.

## CONCLUSION

Based upon the foregoing, FBN respectfully requests that the Court deny Debtor's Motion.

Dated 23rd day of March, 2026.

/s/ Rick J. Halbur

Rick J. Halbur # 0395396
GISLASON & HUNTER LLP
2700 South Broadway
P. O. Box 458
New Ulm, MN 56073-0458
Phone: 507-354-3111
Fax: 507-354-8447
Email: rhalbur@gislason.com

*Attorneys for FBN*