UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re: Bky No. 25-60780-WJF
Chapter 12

Casey P. Restad,

Debtor.

---

**ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

---

This matter came on for hearing on the Debtor Casey Restad's ("**Debtor's**") Motion for an Order Authorizing the Debtor to Use Cash Collateral ("Motion") (Doc. 37) and Objection of FBN Finance, LLC c/o Compeer Financial, PCA and Compeer Financial, FLCA as Attorney-in-Fact and Servicing Agent for FBN Finance, LLC ("**FBN**") (Doc. 44). Based on the record,

**IT IS ORDERED:**

1. The Debtor is authorized to use up to $138,945.00 of FBN's cash collateral identified in the Motion to pay the projected expenses set forth on page 3 of the Motion (Doc. 37, p. 3) though December 31, 2026 or until an operating loan is approved, whichever comes first.
2. The Debtor is not authorized to pay any expense that is not on page 3 of the Motion and is not authorized to exceed any amount for any expense over what is listed as the cost in the Motion (Doc. 37, p. 3). The Debtor is not authorized to pay any prepetition debts or obligations.
3. To the extent that the Debtor utilizes the above-referenced cash collateral, the Debtor is authorized to grant adequate protection to FBN in the form of replacement liens and FBN is hereby granted replacement liens as follows:

a. in the Debtor's post-petition 2026 crops, whether now or hereafter existing, whether planted or to be planted, whether grown or to be grown, whether now owned or hereafter acquired, and wherever located, together with the proceeds and products thereof, together with all "multiple-peril crop insurance policies" and other crop insurance policies, with the same priority, dignity, and effect as FBN's pre-petition liens. This replacement lien is in addition to any liens that FBN had in the assets and property of the Debtor as of the petition date;

b. in all entitlements, rights to payment, and payments (in whatever form received, including, but not limited to, payments in cash or in kind) under any current or future state or federal governmental programs, including, but not limited to, governmental agricultural diversion, assistance, subsidy, deficiency, conservation, or disaster programs and the United States Department of Agriculture Farm Service Agency Feed Grain Program, and all proceeds of the foregoing, that Debtor may receive in 2026 as a result of farming, renting, operating and/or as a result of having an interest in the "Januszewksi" real estate legally described in the Contract for Deed recorded on December 27, 2012 in the Otter Tail County Recorder's Office as Doc. No. 1121011,[1] with the same priority, dignity, and effect as FBN's pre-petition liens; and

c. in the form of a mortgage granted by Debtor to FBN, which shall encumber the Debtor's interest in the "Januszewksi" real estate legally described in the Contract for Deed recorded on December 27, 2012 in the Otter Tail County Recorder's Office as Doc. No. 1121011. Said mortgage shall include standard mortgage terms for agricultural real estate, including but not limited to a future advance

[1] FBN filed this Contract for Deed with the Court as Doc. 44-1.

clause, and shall be in a recordable form acceptable to FBN's counsel. The mortgage shall be limited to a principal amount of $138,945.00 (but only to the extent that Debtor uses said $138,945.00 of cash collateral), plus interest at a rate of 7.5% that shall accrue on the mortgage balance beginning on March 31, 2026 through the February 1, 2027 maturity date. The mortgage shall secure any attorneys' fees incurred by FBN in drafting said mortgage.

4. The replacement liens granted to FBN in paragraphs 3(a) and 3(b) this Order shall be deemed properly perfected without any further act or deed on the part of Debtors and/or FBN. However, notwithstanding the preceding sentence of this Order, FBN is authorized to file any UCC Financing Statement(s), CNS-1(s), and/or any other instrument(s) that FBN deems necessary or appropriate to perfect the above-granted replacement liens and/or to otherwise put third parties on notice as to the existence of said replacement liens. The filing of any such UCC Financing Statement(s), CNS-1(s), and/or any other instrument(s) pursuant to this paragraph 4 of this Order shall not constitute a violation of the automatic stay.

5. As a condition to the use of cash collateral, the Debtor is required to deliver to FBN's legal counsel the fully executed mortgage form referenced in paragraph 3(c) of this Order on or before April 17, 2026, and FBN is hereby authorized to record said mortgage. The recordation of the mortgage shall not constitute a violation of the automatic stay.

6. Once recorded, the mortgage referred to in paragraph 3(c) of this Order shall constitute a second-position lien on the Debtor's interest in the above-identified "Januszewksi" real estate, regardless of whether the Debtor's spouse joins in the grant of the mortgage or otherwise consents to the mortgage.

7. Notwithstanding anything in this Order to the contrary, the replacement liens granted in in paragraphs 3(a) and 3(b) this Order shall not extend to any government funds that the Debtor had already received as of April 3, 2026.

8. The mortgage and other replacement liens granted herein only constitute security for the FBN's cash collateral and other related debts (such as attorney fees and interest on the cash collateral used) that are specifically identified in paragraphs 1 and 3 (including all subparagraphs of paragraph 3) of this Order.

9. As a condition to the use of cash collateral, within five (5) days of FBN's counsel sending a written request to Debtor's counsel via email, the Debtor shall certify in writing to FBN how much cash collateral the Debtor has used through the date of the written request from FBN's counsel for such certification. The Debtor shall be obligated to certify his use of cash collateral to FBN pursuant to paragraph 9 of this Order no greater than two (2) times per calendar month.

10. Any breach of this Order by any party will entitle any party to seek an order from the Court enforcing the terms of the Order and requesting immediate termination the Debtor's right to use cash collateral as set forth in the Order, provided that the breach has not been cured for ten (10) days after any party provides, via email, a notice of default to the breaching party's attorney.

Dated: *April 7, 2026*

s/ William J. Fisher

William J. Fisher
United States Bankruptcy Judge