**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY 25-60780
Chapter 12

Casey P Restad,

Debtor.

**OBJECTION TO CHAPTER 12 PLAN**

Kyle L. Carlson, Chapter 12 Trustee, objects to confirmation of the Chapter 12 plan filed by the debtor and requests that the Court deny confirmation of the plan.

1. This objection arises under 11 U.S.C. §§ 1222 and 1225 and Federal Rule of Bankruptcy Procedure 3015.

2. The plan provides for the treatment of Mary Grossbeck and Brandt Dairy Farm as secured claimants. The Trustee objects to the treatment of these creditors as secured under the terms of the plan as the creditors have not filed proofs of claim which include documentation of perfection of security interests in the debtors' collateral. Without such documentation, the Trustee cannot verify that all assets are accurately disclosed on the debtor's liquidation analysis or that the plan satisfies the best interest of creditors test. *See* 11 U.S.C. §§ 544(a) & 1225(a)(4); *In re Riddlesprigger*, 603 B.R. 824, 827 (Bankr. M.D. Ala. 2019). (Bankr. M.D. Ala. 2001) ("A creditor's claim will not be allowed as secured if it is subject to avoidance by the bankruptcy trustee.") (citations omitted).

3. The debtor's plan indicates that he possesses non-exempt equity of $1,944,893.03 and that priority and non-priority unsecured creditors (excluding attorney's fees) will receive no less than that amount or the total amount of allowed unsecured claims, whichever is less. The debtor lists $1,332,122.58 of non-priority unsecured claims. Of that amount, the debtor indicates that $879,366.53 will be paid from land sales proceeds. According to the plan, the remaining $452,756.05 will be paid over the term of the plan but no payment schedule is provided in the plan or the cash flow analysis. Without further information supporting the debtor's ability to pay this amount in the three-year plan term, the Trustee contends that the debtor has not met his burden of demonstrating that the plan is feasible. *See* 11 U.S.C. § 1225(a)(6) (11 U.S.C. § 1225(a) requires that "the debtor will be able to make all payments under the plan and to comply with the plan.").

4. The debtor's cash flow analysis does not take into account any direct payments proposed by the debtor to secured claimants (Mary Grossbeck, FBN Finance, and Berndt Dairy Farim) under the terms of the proposed plan. The debtor also does not include cash flow projections for the final two years of his Chapter 12 plan. Accordingly, the Trustee contends that the debtor has not met his burden of demonstrating that the plan is feasible. *See id.*

5. The debtor's plan includes a provision seeking to bifurcate the claim of FBN into secured and unsecured portions, and to restructure payments on the secured portion of the debt. The debtor's plan also proposes to restructure the debt of Minnesota National Bank and pay the priority claim of the Internal Revenue Service and Minnesota Department of Revenue directly. The Trustee believes that based on these facts of this case, the Trustee should, at minimum, act as disbursing agent to administrative expense creditors, priority creditors, unsecured creditors and impaired secured claims. The Trustee should act as the disbursing agent for this impaired secured claim in order to ensure that all payments are made by the debtors as required under the plan and in order to avoid disagreements between the debtors and creditors about amounts paid and owing under the plan. *See In re Spindler*, no. 20-11642, at *6-8 (Bankr. W.D. Wis., December 8, 2020) (employing a factor-based analysis to determine the appropriate disbursing agent for claims on a case-by-case basis).

WHEREFORE, the Trustee requests that the Court enter an order denying confirmation of the debtor's Chapter 12 plan, and such other relief as may be just and equitable.

Dated: September 14, 2026

s/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 Trustee
PO Box 519
Barnesville, MN 56514
218-331-4429

**VERIFICATION**

I, Kyle L. Carlson, Chapter 12 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 14, 2026

s/ Kyle L. Carlson
Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Casey P Restad,<br><br>Debtor. | Chapter 12<br>BKY 25-60780 |

**MEMORANDUM**

## I. Facts

The facts supporting the objection are set forth in the attached verified objection. In addition, the Trustee also relies on the representations made by the debtor at the 341 meeting of creditors and in the debtor's filed schedules.

## II. Burden

The Chapter 12 debtor bears the burden of proving that the proposed plan satisfies all of the criteria for confirmation. *See Haden v. Pelofsky*, 212 F. 3rd 466 (8th Cir. 2000).

## III. Best Interests of Creditors Test

Known as the best interest of creditors test, Section 1225(a)(4) states that the court shall confirm a plan if, among other requirements, "the value as of the effective date of the plan of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date." 11 U.S.C. § 1225(a)(4). In other words, under this test, "the creditors must receive as much under the debtors' Chapter 12 plan as they would receive in a liquidation." *In re Rice*, 357 B.R. 514, 518 (B.A.P. 8th Cir. 2006); *see also In re Larson*, 245 B.R. 609, 614 (Bankr. D. Minn. 2000) (best interests of creditors test in Chapter 13 requires payment to unsecured creditors in amount greater than what they would receive in hypothetical liquidation, considering exempt and nonexempt assets and potential recovery of assets under Chapter 7 through fraudulent transfer and preference actions). As noted in the Trustee's motion, the debtor has not yet demonstrated that the plan satisfies this test.

## IV. Feasibility

As a requirement for confirmation 11 U.S.C. § 1225(a) indicates that a Court shall confirm a debtor's plan if "the debtor will be able to make all payments under the plan and to comply with the plan." While this requirement is not a guarantee of performance, it does require reasonable assurance that the plan terms can be carried out. *In re Novak*, 252 B.R. 487, 492 (Bankr. D.N.D. 2000). Courts have recognized that "[f]easibility is never certain, particularly in farm situations." In re Rape, 104 B.R. 741, 748 (W.D. N.C. 1989) (citation and internal quotation marks omitted). Consequently, courts often "give the Chapter 12 debtor the benefit of the doubt

regarding the issue of feasibility when the debtor's plan projections use reasonable data in light of the current economic climate." *In re Keith's Tree Farms* 535 B.R. 647, 652 (W.D. Va. 2015) (citation and internal quotation marks omitted). Courts have also made clear, however, that "[s]incerity, honesty, and willingness are not sufficient to make the plan feasible, and neither are any visionary promises." *In re Rape, 104 B.R. at 749* (citation and internal quotation marks omitted). Instead, the court must "carefully scrutinize the proposed payments in light of the projected income and expenses and consider whether they are based upon realistic and objective facts and whether they are capable of being met." *In re Szudera*, 269 B.R. 837, 842 (Bankr. D.N.D. 2011). As noted in the Trustee's objection, the debtor has not met his burden of demonstrating that the proposed plan is feasible.

**V. Conclusion**

Based on the foregoing, the Trustee believes the plan does not satisfy the requirements of Section 1225 and should be denied.

Dated: September 14, 2026

s/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN 56514

**VERIFICATION**

I, Kyle L. Carlson, Chapter 12 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 14, 2026

s/ Kyle L. Carlson
Kyle L. Carlson, Trustee

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Chapter 12
BKY 25-60780

Casey P Restad,

Debtor.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

The undersigned, being an employee of the standing Chapter 12 Trustee, declares that on the date indicated below, I served the attached objection to Chapter 12 plan upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

Casey P Restad
23361 Lida Dr.
Pelican Rapids, MN 56572

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: September 14, 2026

s/ Jamie Swenson
Jamie Swenson
Chapter 13 Office

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: Chapter 12
BKY 25-60780

Casey P Restad,

Debtor.

**ORDER**

This case is before the Court for confirmation hearing on the Chapter 12 plan of Casey P Restad.

IT IS ORDERED:

Confirmation of the debtor's Chapter 12 plan is DENIED.

Dated:

______________________________________
William J. Fisher
United States Bankruptcy Judge