UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

Casey P. Restad

Bankruptcy No. 25-60780
Chapter 12 Case

Debtor.

---

**DEBTOR'S RESPONSE TO FBN FINANCE LLC C/O COMPEER FINANCIAL'S OBJECTION TO CHAPTER 12 PLAN DATED AUGUST 25, 2026**

---

Comes now the Debtor and for his response to the Objection of FBN Finance LLC ("FBN") to the Debtor's Chapter 12 plan, the Debtor states as follows:

1. FBN asserts in its Adversary Complaint 26-06027 seeking to deny the Discharge of the Debtor,
   a. FBN claims the Debtor forged his father's signature on note, Security Agreement and Financing Statement and that Peter Restad did not sign any other document. See Paragraph 27, 28, 29, 30, 31, 32, 33 of the complaint.
   b. FBN claimed the Debtor signed his mother's name on the consent, and she did not execute consent that the Debtor signed the documents. See paragraph 34.

   It is believed that the Objection to the Discharge by FBN of its obligation of the Debtor is asserted in bad faith and not supported by the evidence. However, if the allegations were true Peter Restad and Deborah Lynn Restad would have no liability under the note security agreements and financing statements. At that point, FBN secured claim is limited to the Debtor's non-exempt equipment which is not subject to senior liens in $455,520.00 and FBN is not an oversecured Creditor. FBN is also not entitled to post petition interest or attorneys fees on the secured claim is limited to $455,522.00. FBN should be estopped from making any claims inconsistent with its position in the Adversary Complaint.

   Further, the Complaint constitutes Judicial Admission which binds FBN. The Debtor believes that FBN's allegations are asserted in violation of Rule 9011 and FBN should be sanctioned. Further, if FBN persists in its assertion in the Complaint and its Objection to the Debtor's Plan, the Court should make specific findings that there is no debt owed by Peter Restad and no security in any of Peter's property.
2. FBN, by and through its attorney has threatened the Debtor with criminal prosecution as well as discharge litigation in an email to the undersigned dated August 25, 2026, August 17, 2026, and August 15, 2026. These statements and threats violate the Rules of Professional Conduct in effect in Minnesota as well as other violations of acts and procedures. FBN and its attorney should not be rewarded for their wrongful conduct and

sanctions are appropriate.

3. The provisions of 11 USC § 1222 provide relief from the claims of FBN and the objection of FBN to the Plan must be denied.
4. As stated previously, FBN secured claim is limited as set forth above as there can be no debt owed by Peter Restad as alleged by FBN unless Peter signed the notes and security agreement. According to FBN's pleadings, he did not sign the notes, security agreement and financial statement.
5. In the alternative, If FBN claims that Peter Restad in fact signed the note, security agreement, and financing statement in favor of FBN, FBN is secured to the extent of Peter Restads assets. The secured claim of FBN, as to the Debtor, is limited to value of its security in property of the estate of Casey Restads case. Based upon 506 (a) FBN is a partially secured creditor in the case, and the remainder of the claim is unsecured.

   The allowed unsecured creditors that have filed proof of claim total $1,332,122.58. In addition, income tax claims under 11 USC 1222 have been asserted which reduces the amount required to be paid to unsecured creditors as follows:

| Creditor | Claim Amount |
|---|---|
| Environmental Tillage Systems | $5,468.02 |
| JPMorgan Chase Bank, N. A. s.b.m.t Chase Bank USA, N.A | $8,798.59 |
| ABST Law | $15,320.04 |
| PHI Financial | $90,035.93 |
| John Deere Financial, f.s.b. | $80,677.78 |
| FBN Finance, LLC | $767,000.00 |
| Peter Restad | $225,000.00 |
| Debbi Restad | $220,500.00 |
| **Total:** | **$1,332,122.58** |

6. FBN claims that it can pool the assets of Peter Restad and the Debtor that were pledged to FBN as security for its debt. This assumes that, contrary to the position taken in the Adversary Proceeding, that FBN has a security interest in Peter's assets.
7. Courts have addressed this issue and have held that absent substantive consolidation, pooling of assets of multiple debtors to satisfy liabilities is generally disfavored. Courts have held that substantive consolidation should be used sparingly to avoid forcing creditors of one debtor to share on parties with the creditors of a less solvent debtor. See <u>Union Saving Bank</u> v <u>Augie/Restive Baking Co</u>. <u>860 F2d515.518</u> (2nd Cr. 1988). <u>Unsecured Creditors Committee v UMB Bank NA</u> 50 BR. 549 (2013) did permitted the aggregation of collateral from separate Debtors. However, in that case the separate Debtors were owned as separate subdivision of the main debtor. This case has relied upon by FBN, the Debtors filed joint reports regarding assets and income in the Bankruptcy Case. The Debtors filed joint financial statements and required guarantees if the funds were moved. See 501 BR 501 at 601.

8. The Debtor will supply supplemental cash flow information for the years after the initial term.
9. The fact that the Debtor pled the 5th Amendment to questions asked in a 2004 Exam does not preclude the Debtor from submitting testimony at the Confirmation hearing. The Debtor bears the burden of proof at the confirmation hearing of the elements necessary for confirmation. FBN cannot complain when it and its attorney threatened criminal prosecution based upon answers provided in a preliminary proceeding with out judicial supervision. The time when the Debtor decides when and if he will testify regarding the confirmation element is the confirmation hearing.

   The Debtor has and had the absolute right to assert his privilege against self-incrimination under the Fifth Amendment of the United States Constitution. This right must be liberally construed in favor of the Debtor. Debtor may invoke privilege against self-incrimination when he has reasonable grounds to apprehend danger of criminal prosecution "support a conviction" but would only furnish "a link in the chain of evidence needed in a prosecution" for violation of a criminal statue, *Blau v. United States*, 340 U.S. 159, 71 S. Ct. 223, 224, 95 L.Ed. 170; *Emspak v. United States,* 349 U.S. 190, 75 S.Ct. 687; and where the defendant has reasonable grounds to apprehend danger of criminal prosecution because of what his testimony would reveal, *Mason v. United States*, 244 U.S. 362, 37, S.Ct. 621, 61 L.Ed. 1198.

   In the present case, the Debtor may invoke the Fifth Amendment Privilege because he has reasonable ground to apprehend danger of criminal prosecution surrounding this conduct. In fact, FBN specifically stated that it would seek criminal prosecution.
   However the Debtor can choose to testify and waive his privilege. This can occur at the time taking the report.

WHEREFOR, the Debtor requests that the request be granted or that this matter be set for an evidentiary hearing if the Court finds that there are issues of fact involved.

Dated: September 18, 2026

FLUEGEL, ANDERSON, MCLAUGHLIN,
& BRUTLAG, CHARTERED

/s/ David C. McLaughlin
David C. McLaughlin
Attorney for the Debtor
129 2nd Street NW
Ortonville, MN 56278
(320) 839-2549
Attorney License #1273