**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Casey P. Restad,

Debtor.

Case No. 25-60780
Chapter 12

---

# OBJECTION TO DEBTOR'S MODIFIED CHAPTER 12 PLAN

---

Amber Nicole Henegar (formerly, Amber Nicole Restad) objects to the Debtor's Modified Chapter 12 Plan of Reorganization dated October 2, 2026 (Doc. 130).

Ms. Henegar and the Debtor came to a Mediated Settlement Agreement dated August 6, 2026, to resolve the marital property issues in their divorce. A motion to approve the Mediated Settlement Agreement was filed as Doc. 105 in the above captioned bankruptcy case and was approved by an order of this court filed as Doc. 129.

The Mediated Settlement Agreement (a copy of which was appended to Doc. 105) provides that the $100,000 is to be paid "as immediate as possible . . . after approval by the Bankruptcy Court . . . utilizing funds currently held by the Bankruptcy Court". It is only the remaining $60,000 that is to be paid "in accordance with the terms of the Chapter 12 Bankruptcy Plan."

Although the agreement, as approved by the Court, provides that it is to be paid without waiting for approval of the Bankruptcy Plan, the proposed Chapter 12 Plan makes these funds payable only after confirmation of the plan and adds the additional qualification that the state court approve the parties' dissolution of marriage. Ms.

Henegar objects to these delays and additional requirements that the Debtor has included in his proposed plan.

The Plan further provides that "the Debtor will surrender" the 13.91 acre homestead parcel to Ms. Henegar. In contrast, the Mediated Settlement Agreement provides that Ms. Henegar will receive the 13.91 acre parcel free and clear of liens. Ms. Henegar respectfully suggests that the Plan provide that the transfer is to be made by warranty deed and include a provision requiring Minnesota National Bank to file a release of the property from its mortgage.

Finally, the proposed plan provides that Ms. Henegar will "equally share the recording fees and any other ordinary closing costs" while the Mediated Settlement Agreement does not make her liable for any transfer costs. Accordingly, Ms. Henegar objects to the Debtor's proposed cost shifting by way of the Chapter 12 Plan.

AHLGREN LAW OFFICE, PLLC

Dated: November 5, 2026.

/s/ Erik A. Ahlgren

Erik A. Ahlgren (#191814)
220 W. Washington Ave, Ste 105
Fergus Falls MN 56537
218-998-2775
erik@ahlgrenlawoffice.net

Attorneys for Amber Nicole Henegar
(formerly, Amber Nicole Restad)