**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY #25-60780
Chapter 12

Casey P. Restad,

Debtor.

**ADDENDUM TO MODIFIED CHAPTER 12 PLAN OF REORGANIZATION DATED NOVEMBER 2, 2026**

The Debtor hereby proposes the following modifications and clarifications to the Modified Plan filed with the Court on November 2, 2022 (ECF No.136):

**Class 6: Amber Restad.** Class 6 consists of the claim of the Debtor's spouse Amber Restad. Amber Restad and the Debtor are involved in active dissolution proceedings, filed on April 23, 2024. Amber Restad holds a marital interest in various property of the bankruptcy estate. In mediation ordered by the state court, Amber Restad and the Debtor reached a settlement agreement regarding the division of marital property and spousal maintenance and other financial aspects, with said settlement agreement approved as to the Property of the Bankruptcy Estate by this Court on September 29, 2026 (ECF No.129), and agreed to value~~ing~~ Amber Restad's claim in the amount of $660,000.00. To pay this claim, Debtor shall do as follows:

A. Within 7 ~~the later of 14~~ days of confirmation and ~~within 10 days of~~as soon as practical upon the state court's approval of the parties' ~~dissolution of marriage~~ settlement agreement, but in no event later than 7 days after the later of these two events, Debtor will ~~surrender~~ transfer by warranty deed to Amber Restad the 13.91-acre homestead portion of the real property described in Exhibit FF (the "Hagerup Property")~~, free and clear of any encumbrances~~, which the Debtor and Amber Restad value at $500,000.00. The Tillable Acres portion (as referenced in Part 6, Class 5)~~remainder of parcel~~ of the Hagerup Property described has been sold and the proceeds will be transferred to Minnesota National Bank, consistent with the terms of this plan. Following Minnesota National Bank's receipt of those funds, Minnesota National Bank will provide a mortgage release of the 13.91-acre homestead in recordable from to the Debtor, who shall record the mortgage release within 7 days of receipt. Amber Restad will receive the 13.91-acre homestead property free and clear of all judgments and encumbrances, including the interests of the Debtor and Minnesota National Bank. ~~as FF shall be transferred to Casey Restad by Warranty Deed. The lien of Minnesota National Bank is accepted by the Debtor. This shall be accomplished by warranty deed.~~ The Debtor ~~and Amber Restad shall each pay their own attorneys' fees but~~ shall ~~equally share~~ pay the recording fees and any other ordinary closing costs ~~from the closing company for such~~related to such transfers;

B. As soon as practically possible ~~Within the later of 14 days of~~after confirmation of this Plan and after the state court's approval of the parties' settlement agreement, but in no event later than 7 days after the later of these two events, ~~and within 10 days of the state court's approval of the parties' dissolution of marriage,~~ the Trustee shall pay $100,000.00 from the Januszewski sales proceeds held in trust, ~~pursuant to this Court's order dated May 12, 2026 (Doc 78),~~ to Amber Restad; AND

C. Over the term of the Plan, the Debtor shall pay ~~to~~ Amber Restad equal annual payments of $20,000.00, the sum of which will equal $60,000. The first of these payments shall be made by November 20, 2027, with remaining payments due on November 20, 2028 and November 20, 2029. The D~~d~~ebtor will make these payments directly to Amber Restad.

Upon confirmation of the plan, the division of property incorporated into the terms of this Plan is binding in the Debtor's and Amber Restad's dissolution proceeding. To the extent that Amber Restad's claim involves property of the bankruptcy estate, the automatic stay is lifted ~~upon confirmation~~ to allow the state court to issue a final judgment as it relates to the parties' division of property. ~~approve the Debtor's and Amber Restad's~~

REDLINE DRAFT

~~agreement on her marital interest claim. The Debtor filed a motion to approve the settlement agreement with Amber Rested ( see Docket 105), which was heard and approved. The approval by the State Court will be sought and is expected to be approved.~~ The Debtor's payments and indemnification obligations owed to Amber Restad pursuant to the terms of this Plan and the parties' Mediated Settlement Agreement dated August 6, 2026 shall be deemed to be non-dischargeable in bankruptcy.

______________________________
FLUEGEL, ANDERSON, MCLAUGHLIN
& BRUTLAG, CHARTERED
David C. McLaughlin
Attorney for Debtor
129 2nd Street NW
Ortonville, MN 56278
(320) 839-2549
Attorney License #127383
dmclaughlin@fluegellaw.com

Signed: ____________________

Debtor 1: Casey P. Restad

Dated: ____________________

REDLINE DRAFT