UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

Bankruptcy No. 25-60780
Casey P. Restad Chapter 12 Case

Debtor.

---

**DEBTOR'S RESPONSE TO AMBER RESTAD'S OBJECTION TO CHAPTER 12 PLAN DATED NOVEMBER 2, 2026**

---

Comes now the Debtor and for his response to the Amber Restad's Objection (ECF No. 137) to the Debtor's Modified Chapter 12 Plan of Reorganization dated November 2, 2026 (ECF No. 136) the Debtor states:

1. The Debtor has filed an Addendum to the Modified Chapter 12 Plan of Reorganization Dated November 2, 2026 to address Amber Restad's objections and a Motion to permit said Addendum on an expedited basis.

2. Amber Restad's Objection filed November 5, 2026 references the Modified Chapter 12 Plan of Reorganization dated October 2, 2026 (Doc. 130). The Debtor believes this is a typographical error or oversight and will address Amber Restad's objections as though they were made to the most recently filed Modified Chapter 12 Plan of Reorganization dated November 2, 2026.

3. Amber Restad's objection appears to raise three issues (1) timing of the $100,000 payment, (2) method of transfer of the 13.91-acre homestead, and (3) costs of the transfer of the 13.91-acre homestead.

**I. <u>Timing of $100,000 Payment.</u>**

4. Amber Restad's first objection appears to be the timing of payment to her under the Mediated Settlement Agreement, which was previously approved by this Court (ECF No. 129). Amber Restad appears to take the position that the $100,000 payment to be made to Amber Restad by the Debtor was to be made to Amber Restad immediately upon Bankruptcy Court approval. This position entirely ignores the fifth provision in the Mediated Settlement Agreement which states:

> <u>Court Approval</u>: This Mediated Settlement Agreement is subject to approval by the Court. The parties agree to execute all documents necessary to incorporate the terms of this agreement into a Stipulation,

> Marital Termination Agreement, and Judgment and Decree, or other appropriate Order of the Court. The parties understand that the Court must review and approve the agreement before it becomes a final enforceable order. Attorney Hunt, Esq. agrees to draft the Court Order incorporating the terms of this agreement and circulate the proposed Order for all relevant signatures.

5. This provision makes clear that the state court must also approve the Mediated Settlement Agreement before the parties are required to perform. Though "the Court" is not specified as bankruptcy court or state court, this mediated was conducted in accordance with Minnesota state statutes, as ordered by the state court, as referenced in the first provision of the settlement agreed. ("Pursuant to Rule 114 and the Minnesota Civil Mediation Act, Minnesota Statutes sections 572.31 through 572.40, the parties understand that . . ."). Furthermore, the mediation was conducted by the divorce attorneys for both parties. Attorney Hunt (Amber Restad's state court divorce attorney), not her bankruptcy attorney, was to draft a stipulation, and the Mediated Settlement Agreement specifically references "the *Bankruptcy* Court" in the Property Settlement provision under 4.g. as opposed to just "the Court". All these factors point to this provision requiring state court approval.

6. If that were not convincing enough, the Mediated Settlement Agreement grants a dissolution of marriage, deals with spousal maintenance, and includes a name change, all of which are matters that must be approved by the state court, not a bankruptcy court.

7. In addition, as a practical matter, the Debtor's payment to Amber Restad under the Mediated Settlement Agreement is noted as "in lieu of a domestic support obligation," in the first line of 4.g.i. Per state court order dated April 1, 2025, the Debtor is temporarily required to pay Amber Restad $500 per month in spousal maintenance (plus an additional cost of living allowance since that order was first issued) as well as the utilities and mortgage for the home Amber Restad is living in, as ordered on October 2, 2024. These state court orders for maintenance to be paid by the Debtor will remain in effect until the state court is presented with the parties' Mediated Settlement Agreement for approval. That has not been done. It would be unjust to order the Debtor to perform under the Mediated Settlement Agreement and make this payment meant to be in lieu of domestic support, while the state court's temporary domestic support orders remain in effect. Amber Restad cannot have her cake and eat it too.

8. For this Court's information, as seen in provision 5 above, Amber Restad's divorce attorney was to draft the stipulation for state court approval. He has not done so. The Debtor's divorce attorney drafted it instead and delivered it to Amber Restad's divorce attorney on October 24, 2026. As of November 13, 2026, the Debtor's divorce attorney had not received substantive comments or feedback on the stipulation over 3 months after the

Mediated Settlement Agreement was signed. The Debtor's divorce attorney has reserved January 19, 2027 as a motion date in state court to hear a motion to enforce the Mediated Settlement Agreement if a stipulation still has not been submitted to the state court.

9. The parties' custody issues remain outstanding, and trial for that has been delayed several times, with the current date set for March, 2027. Amber Restad has not paid her portion of the parties' custody evaluator bill. The custody evaluator's report is somewhat unfavorable to Amber Restad. She has asserted in state court that she will only pay this bill after she receives $100,000 from the Debtor. The custody evaluator will not submit her report or appear unless she is paid. It is believed Amber Restad may be intentionally delaying submission of the stipulation for state court approval to prevent her required payment to the custody evaluator and prevent the custody evaluator's submission of her report and testimony at trial.

10. It is not clear why no communication or objection regarding the timing of this payment was received until November 5, 2026, when the Debtor's attorney has held the proceeds to be paid to Amber Restad in Trust since this spring, and Bankruptcy Court approval of the Mediated Settlement Agreement came in September, 29, 2026.

11. Nonetheless, in recognition of Amber Restad's objection, the Debtor has shortened the timeline for performance to as soon as practical, and no longer than 7 days after the later of confirmation and state court approval.

12. Furthermore, denying confirmation would only further delay the payment of $100,000, so it is unclear how denial of confirmation would even support Amber Restad's goals.

13. For the myriad of reasons presented above, the Plan provisions providing for Amber Restad's payment and receipt of property upon state court approval are appropriate and consistent with the terms of the parties' Mediated Settlement Agreement, as well as the practicalities surrounding the situation. The Debtor requests this objection be overruled, and that the Plan with the addendum be confirmed.

## II. Transfer of the 13.91-Acre Homestead

14. Amber Restad takes issue with the language surrounding the transfer of the 13.91-acre homestead to Amber Restad and has provided suggested language regarding a warranty deed and a release by Minnesota National Bank. The Debtor has inserted language into the Addendum to address these concerns.

## III. The Costs of the Transfer of the 13.91-Acre Homestead

15. Amber Restad argues that she should not share in the costs of the transfer of the 13.91-acre

parcel because the Mediated Settlement Agreement does not make her liable for any transfer costs. The Mediated Settlement Agreement does not make either party liable for any transfer costs, but the Debtor has modified the language in the addendum to make the Debtor liable for transfer costs, as it is believed the argument about transfer costs would cost more in attorney's fees than the actual transfer costs themselves.

All objections of Amber Restad have been addressed. The Debtor requests:

A. This Court confirm the Modified Chapter 12 Plan of Reorganization Dated November 2, 2026, as supplement by the Addendum to the Modified Chapter 12 Plan of Reorganization Dated November 2, 2026.

Dated: November 17, 2026

FLUEGEL, ANDERSON, MCLAUGHLIN,
& BRUTLAG, CHARTERED

/s/ David C. McLaughlin

David C. McLaughlin
Attorney for the Debtor
129 2nd Street NW
Ortonville, MN 56278
(320) 839-2549
Attorney License #1273